| |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>Caption in Compliance with D.N.J. LBR 9004 2(c)<br><br>Martin Latinsky, Esq.   (ML 3824)<br>190 Schraalenburgh Rd.<br>Haworth, NJ  07641<br>(201) 889-3688<br>E-mail: mlatin56@gmail.com<br>Attorney for Debtor/Plaintiff | |
| In re:<br><br>**CHRISTINE WASHINGTON**<br><br>            Debtor | Chapter 13<br><br>Case No.: 20-21306<br><br>The Hon. Christine M. Gravelle, U.S.B.J.<br><br>Adversary Proc. No.20- |
| **CHRISTINE WASHINGTON**<br><br>            Plaintiff<br><br>vs.<br><br>**JEM GROUP, LLC**<br><br>            Defendant | |

**COMPLAINT TO AVOID A TRANSFER AS FRAUDULENT PURSUANT TO 11 U.S.C. §548(a)(1) OR AS A PREFERENCE PURSUANT TO 11 U.S.C. §547(b)**

The Debtor, Christine Washington, residing at 11 John Street, Phillipsburg, New Jersey, by and through her attorney, hereby brings this complaint against Jem Group, LLC, in order to avoid a transfer of property as either fraudulent or as a preference pursuant to 11 U.S.C. §§ 547, 548, 550, and 551.  Said transfer was in the form of a tax lien foreclosure which took place within 90 days of the within bankruptcy petition having been filed.  In support of her complaint, Debtor respectfully alleges as follows.

**PARTIES**

1, The Plaintiff is the Debtor in the above captioned bankruptcy petition.

2, Defendant is a limited liability company whose address is 2920 R Street, Suite 333, Brooklyn, New York.

3. The within bankruptcy petition was filed on October 4, 2020

4. The Debtor has lived and continues to live in the property which is the subject of the preference, 11 John Street, Town of Phillipsburg, Warren County, New Jersey.

## JURISDICTION AND VENUE

5. This is an adversary proceeding instituted pursuant to F.R.B.P. 7001(2).

6. This Court has jurisdiction over all claims asserted herein pursuant to 28 U.S.C. §1334(b)

7. This matter constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (H), and (O).

8. Venue lies in the District of New Jersey pursuant to 28 U.S.C. §1409(a)

## FACTUAL BASIS

9. By Order of the Superior Court dated May 22, 2020, the Defendant, Jem Group, LLC, was substituted in for the original foreclosing party, Glia Group, LLC.

10. The Debtor owned the real property located at 11 John Street in Phillipsburg, New Jersey, until July 6, 2020.

11. On that date the Superior Court of New Jersey, in docket no. F-015740-19, entered a final judgment of foreclosure in favor of Jem Group, LLC, said judgment deriving from tax lien

certificate bearing number 2017-076 and recorded in the Warren County Clerk's office at Book 6478, Page 224.

12. This being a foreclosure on a tax lien certificate, 11 John Street was never subject to a sheriff's sale.

13. According to the Order Setting the Time and Place for Redemption which appears in the docket of the Superior Court matter, $20,945.92 was owed on the tax sale certificate as of November 11, 2019.

14. Debtor approximates her house to be worth $160,000, and the property has no other liens.

## COUNT 1

15. The Debtor received less than reasonably equivalent value for the transfer of the property to the Defendant.

16. The Debtor was either insolvent at the time the property was transferred or the transfer rendered the Debtor insolvent.

17. By reason of the foregoing, said transfer is voidable pursuant to 11 U.S.C. §548(a)(1)(B).

## COUNT II

18. The Debtor repeats the allegations of paragraphs 1 through 17 as if repeated herein in their entirety.

19. Within 90 days of the Petition Date, the Debtor's interest in the property was transferred to the Defendant

20. The transfer was to or for the benefit of the Defendant.

21. The transfer was for or on account of an antecedent debt owed by the Debtor before the transfer was made.

22. The transfer was made while the Debtor was insolvent

23. Because the value of the property greatly exceeds the Defendant's claim, the transfer enabled the Defendant to receive more than it would receive if the case was a case under chapter 7 of the Bankruptcy Code, the transfer had not been made, and the Defendant received payment of such debt to the extent provided by the provisions of Title 11.

24. By reason of the foregoing, said transfer is voidable pursuant to 11 U.S.C. §547(b) of the Bankruptcy Code.

**WHEREFORE**, Debtor demands judgment:

a) setting aside the transfer as fraudulent pursuant to 11 U.S.C. §548(a)(1)(B);

b) setting aside the transfer as a voidable preference pursuant to 11 U.S.C. §547(b);

c) declaring the state court judgment of foreclosure as null, void, and of no effect;

d) recovering the property on behalf of the Debtor and the bankruptcy estate pursuant to 11 U.S.C. §§550 and 551;

e) such further relief as this Court deems just, proper, and equitable.

                              Respectfully submitted,

                              /s/ Martin Latinsky
                              Martin Latinsky
                              Attorney for Plaintiff